**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

NASEEF BRYAN, JR.

      v.                                    Civil No. 25-cv-00012-SM-TSM

KATHLEEN SIMENSON

## <u>REPORT AND RECOMMENDATION ON PRELIMINARY REVIEW</u>

Self-represented plaintiff Naseef F. Bryan Jr. ("Bryan"), proceeding in forma pauperis, brings this complaint against defendant Kathleen Simenson ("Simenson"), the Assistant Vice Provost of Enrollment Management and Dean of Admissions for the University of New Hampshire ("UNH"). The matter is before this court on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.3(d)(2). For the reasons that follow, the court recommends that the district judge dismiss Bryan's complaint (Doc. No. 1) for failure to state a claim upon which relief can be granted, while declining to exercise supplemental jurisdiction over Bryan's state-law claims.

### LEGAL STANDARD

This court conducts a preliminary review of actions that are filed in forma pauperis. LR 4.3(d)(2). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

In conducting this preliminary review, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Plausibility demands that the factual allegations 'be enough to raise a right to relief above the speculative level.'" Villeneuve v. Avon Prods., 919 F.3d 40, 49 (1st Cir. 2019) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The court "gauge[s] plausibility by drawing not only on 'judicial experience,' but also on 'common sense.'" Villeneuve, 919 F.3d at 49 (quoting Ashcroft, 556 U.S. at 679).

Where, as here, plaintiff represents himself in this matter, the court must construe his allegations liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Courts "hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## BACKGROUND

The facts are derived from Bryan's complaint and the attachments thereto.[1] See Doc. No. 1. Bryan is a New Hampshire resident. Doc. No. 1 at pg. 1. In or around 2024, Bryan applied for a transfer admission to the University of New Hampshire ("UNH").[2] See Doc. No. 1-1 at pg. 4. By letter dated October 22, 2024, UNH informed Bryan that "the admission transfer committee is unfortunately not able to offer you a place in our entering class." Doc. No. 1-1 at pg. 4. The letter also provided: "Should you remain interested in UNH and would like to learn about a path forward, please visit our website or contact us at transfer.info@unh.edu. We are happy to discuss

---

[1] Bryan attached to his complaint a document styled as a petition seeking a writ of extraordinary relief pursuant to 28 U.S.C. § 1651 (authorizing federal courts to issue writs in aid of their jurisdictions). Doc. No. 1-2. The court liberally construes that petition to be part of Bryan's complaint for all purposes.

[2] Bryan was enrolled at a New Hampshire community college when he applied for the transfer to UNH. See Bryan v. N.H. Dept. Educ., et al., Dkt. No. 24-cv-00377-LM-AJ, ECF No. 1-2 at pg. 7 (Bryan's prior lawsuit against Simenson).

your admission decision and potential options for reapplying at a later time." Id.  The letter was signed by Simenson ("Simenson letter").  Id.

Liberally construed, Bryan's complaint alleges that Bryan has either a federal or state-law right to education, which entitles him to admission at UNH as a transfer student.  Alternatively, Bryan alleges that he has due process liberty or property interest in the transfer to UNH, which Simenson violated by denying him admission.  Doc No. 1-2 at pgs. 4, 9; Doc. No. 1-4 at pg. 1.  Additionally, Bryan, a non-citizen, claims that Simenson violated the Privileges and Immunities Clause of the U.S. Constitution and the Equal Protection Clause of the Fourteenth Amendment by treating him differently from other New Hampshire residents, on the basis of his citizenship.  Id. at pgs. 4, 9.  Bryan further claims that Simenson "committed [fraud] and [deceit]" by denying Bryan "the right to pursuit of ordinary calling."  Doc. No. 1 at pg. 4.  Finally, Bryan claims that Simenson's actions violated 18 U.S.C. § 242.[3]  Id. Bryan seeks, *inter alia*, admission to UNH for the Spring 2025 term and imposition of a fine upon Simenson pursuant to 18 U.S.C. § 242.

---

[3] 18 U.S.C. § 242 provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

**DISCUSSION**

I.    **Due Process Claims**

Bryan's complaint invokes the Due Process Clause of the Fourteenth Amendment.[4] Because his filings do not specify whether he alleges a substantive or procedural due process infringement, see Doc. No. 1-2 at pgs. 4, 8, the court considers both possibilities.

A.  Procedural Due Process

To establish a violation of procedural due process, a plaintiff must show that he was deprived of a protected interest in life, liberty or property, without due process of law.  U.S. Const. amend. XIV, § 1.  The court "examine[s] procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient."  Gonzàlez-Fuentes v. Molina, 607 F.3d 864, 881 (1st Cir. 2010) (citation and internal quotation marks omitted).  A "liberty interest" may "arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty.'"  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  Property interests are typically created and their dimensions are defined by an independent source such as state statutes or rules entitling the citizen to certain benefits.  Goss v. Lopez, 419 U.S. 565, 572-73 (1975).

The United States Constitution does not provide Bryan with a substantive right or protected liberty interest in being admitted to UNH.  In San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 35 (1973), the Supreme Court explained, "Education [ . . . ] is not among the rights afforded explicit protection under our Federal Constitution.  Nor do we find any basis for saying it is

_____

[4] The Fifth Amendment is not implicated because this case involves the action of a state actor, not a federal agent.

implicitly so protected." Id.  Accord Tobin v. Univ. of Me. Sys., 59 F. Supp. 2d 87, 90 (D. Me. Jul. 1, 1999) (finding no fundamental right or liberty interest in a student's admission to a state-run law school).

Bryan does not allege any specific career which he intends to pursue, or explain how his transfer denial would prevent this pursuit.  Bryan also does not allege that Simenson's letter or UNH Durham's rejection of his transfer application stigmatize Bryan so as to affect his ability to obtain a higher education elsewhere, or pursue any particular career or occupation.  See Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972) (holding that in context of public employment, "'where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential'" (citation omitted)).  Further, Bryan cannot plausibly allege that the denial of his transfer application "ha[s] effectively foreclosed [his] opportunity for education or employment in a particular area," Tobin, 59 F. Supp. 2d. at 92-93, since the Simenson letter expressly invites Bryan to contact the school for more information regarding "a path forward" and "potential options for reapplying at a later time."  Doc. No. 1-1 at pg. 4.  Therefore, the court finds that Bryan fails to show that UNH's rejection of his transfer application implicates a liberty interest protected by the Due Process Clause.

Bryan next contends that state law[5] grants him a protected property interest in admission to UNH.  RSA 187-A:16-c (2024) provides that "[t]he trustees of the university system of New Hampshire shall work collaboratively with the trustees of the community college system of New Hampshire to create and maintain transfer pathways" that enable students to start their higher education journey in the community college system and transfer their credits to the state university

---

[5] Bryan does not specify which New Hampshire law provides him with this alleged property interest.

system to finish their baccalaureate degrees.  RSA 187-A:16-c, II. Although the statute mandates these "transfer pathways," it nevertheless provides that "admission into a particular program, school, or college within a college or university in the university system of New Hampshire shall remain competitive in accordance with generally applicable policies and nothing in this section shall guarantee a time to degree completion."  RSA 187-A:16-c, III.  Accordingly, RSA 187-A:16-c, III undermines Bryan's argument that New Hampshire law provides him with a protected interest in an on-demand transfer to UNH.  Rather, New Hampshire law requires that the transfer process remain competitive and not automatic.

Bryan's passing reference to the Granite Guarantee program is unavailing.  See Doc. No. 1-2 at pg. 4, n.7.  A state program that lowers tuition costs for in-state residents "is no guarantee that any in-state resident who wishes to attend a state institution of higher education will be able to do so."  Tobin, 59 F. Supp. 2d at 91.  Instead, "reduced tuition rates are a benefit enjoyed by in-state residents who have been deemed qualified for admission and have been so admitted."  Id. (emphasis in original).   Bryan points to no other state policy or law that guarantees him a place at UNH. Because Bryan does not allege any protected liberty or property interest which has been interfered with, he fails to allege a Fourteenth Amendment due process claim.  Accordingly, the district judge should dismiss Bryan's procedural due process claim.

B.  Substantive Due Process

"The substantive due process guarantee 'safeguards individuals against certain offensive government action[s], notwithstanding that facially fair procedures are used to implement them.'" Ortolano v. City of Nashua, 680 F. Supp. 3d 70, 80 (D.N.H. Jun. 28, 2023) (quoting DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005)).   "[A]n abuse of power practiced by the executive

branch of state government sinks to a level cognizable under the Due Process Clause only when it is so extreme and egregious as to shock the contemporary conscience." DePoutot, 424 F.3d at 118.

> The question [of] whether "the challenged conduct shocks the contemporary conscience is a threshold matter that must be resolved before a constitutional right to be free from such conduct can be recognized." DePoutot, 424 F.3d at 118. To meet that standard, the officers' conduct must be "truly outrageous, uncivilized, and intolerable." Harron v. Town of Franklin, 660 F.3d 531, 536 (1st Cir. 2011).

Ortolano, 680 F. Supp. 3d at 80.

Bryan does not plausibly allege conduct by Simenson or UNH that could reasonably be characterized as "truly outrageous, uncivilized, and intolerable." Harron, 660 F.3d at 536. Although Bryan may be disappointed by UNH's admissions decision, Simenson's generic rejection letter falls short of "shock[ing] the contemporary conscience." Ortolano, 680 F. Supp. 3d at 80. Accordingly, the district judge should dismiss Bryan's substantive due process claim.

## II.    Privileges and Immunities Clause

Bryan invokes his "privileges" and his "immunities" without clarifying the clause to which he refers.[6] See Doc. No. 1-2 at pgs. 1-4. Given Bryan's pro se status, the court analyzes whether Bryan has a claim under either the Constitution's Privileges and Immunities Clause, Art. IV, § 2, Clause 1, or under the Privileges and Immunities Clause of the Fourteenth Amendment.

### A. Article IV, Section 2, Clause 1

Under the Privileges and Immunities Clause of the U.S. Constitution, "'[t]he Citizens of each State [are] entitled to all Privileges and Immunities of Citizens in the several States.'" McBurney v. Young, 569 U.S. 221, 226 (2013) (quoting U.S. Const., art. IV, §2, cl. 1) (alterations

---

[6] One part of Bryan's complaint suggests that he refers to the Fourteenth Amendment Privileges and Immunities Clause. See Doc. No. 1-2 at pg. 5. However, Bryan's later arguments imply that he is deprived of his state rights, see Doc. No. 1-2 at pg. 8, suggesting that he also believes that the Privileges and Immunities Clause of Art. IV, § 2, Clause 1 to apply here.

in original)).  "The Privileges and Immunities Clause of Article IV is 'designed to ensure to a citizen of State A who ventures into State B the same privileges which the citizens of State B enjoy.'"  Barefoot v. City of Wilmington, 306 F.3d 113, 125-26 (4th Cir. 2002) (quoting Toomer v. Witsell, 334 U.S. 385, 395 (1948)).  Bryan, a New Hampshire resident, does not allege discrimination between citizens of different states.  Accordingly, he has failed to state a claim upon which relief can be granted.

### B.  Fourteenth Amendment Privileges and Immunities Clause

Nor has Bryan stated a viable claim of a violation of the Privileges and Immunities Clause of the Fourteenth Amendment.  That provision "'protects all citizens against abridgement by states of rights of national citizenship as distinct from the fundamental or natural rights inherent in state citizenship.'"  Barefoot, 306 F.3d at 126 (quoting Madden v. Kentucky, 309 U.S. 83, 90 (1940)).  As there is no national right to attend a public university, see San Antonio Indep. Sch. Dist., 411 U.S. at 35, Bryan cannot allege a violation of the Privileges and Immunities Clause of the Fourteenth Amendment.  Accordingly, the district judge should dismiss Bryan's Privileges and Immunities Clause claims.

### III.  Equal Protection Clause

Bryan's filings, liberally construed, allege that he was discriminated against based upon national origin.  See Doc. No. 1-2 at pg. 4.  In support, Bryan argues that Simenson's rejection of his application was discriminatory because he is a non-citizen, and all in-state residents and U.S. citizens are entitled to UNH admission.  See Doc. No. 1-2 at pgs. 4, 9.

The Fourteenth Amendment Equal Protection Clause dictates "that 'similarly situated persons are to receive substantially similar treatment from their government.'"  Kuperman v. Wrenn, 645 F.3d 69, 77 (1st Cir. 2011) (citation omitted).  "To establish an equal protection claim,

a plaintiff needs to allege facts showing that '(1) the [plaintiff], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Davis v. Coakley, 802 F.3d 128, 132-33 (1st Cir. 2015) (citation omitted).  In the absence of direct evidence of class-based animus, a plaintiff may establish an equal protection violation by identifying and relating "specific instances where persons situated similarly in all relevant aspects were treated differently." Fincher v. Town of Brookline, 26 F.4th 479, 486 (1st Cir. 2022) (citation and internal quotation marks omitted).

Bryan's filings allege no direct evidence of any intentional discrimination.  Nor does he allege facts to support a finding that UNH considered his national origin in evaluating his application.  He also fails to point to the existence of any comparator case of an individual accepted at UNH whose credentials and application were the same as his, except for citizenship.  Bryan's assertion that Simenson or UNH discriminated against him based upon his national origin is, in effect, a legal conclusion that this court need not accept when considering whether he stated a claim upon which relief can be granted.  Because Bryan's complaint lacks any allegations of either direct evidence of intentional discrimination or a substantially similar comparator case, he failed to state an equal protection claim.  Accordingly, the district judge should dismiss this claim.

## IV.    18 U.S.C. § 242 Claim

Bryan asserts a claim against Simenson for violation of 18 U.S.C. § 242.  18 U.S.C. § 242 is a criminal statute, and "[i]t is well settled that criminal statutes do <u>not</u> create a private civil remedy or a private cause of action."  See Elias v. Elias, No. 13-11602-JLT, 2013 WL 5774149, at * 6 (D. Mass. Oct. 22, 2013) (citing Morris v. Homecomings Financial, LLC, No. 07cv2122-L (NLS), 2008 WL 3126258, at * 4 (S.D. Cal. Aug. 4, 2008) (emphasis in original)).  Therefore,

Bryan cannot pursue criminal charges against Simenson in this civil action. Further, he lacks authority to prosecute criminal charges in a criminal complaint. See Morris, 2008 WL 3126258, at * 4 (noting "[t]he conduct of criminal prosecution is an executive function within the exclusive prerogative of the Attorney General."). Bryan's claims of criminal activity fail to state a claim, and therefore, dismissal is warranted.

**V.    Fraud and Deceit Claim**

Bryan's complaint states that Simenson "committed fr[au]d and d[e]ceit," Doc. No. 1 at pg. 4, without further clarification. The court liberally construes Bryan's complaint to plead a tort claim of fraud under state law. Because this court recommends that the district judge dismiss all of Bryan's federal claims, the district judge should decline to exercise supplemental jurisdiction over Bryan's state law claims. See 28 U.S.C. § 1367(c)(3) ("[a] district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it had original jurisdiction."). Accordingly, the district judge should dismiss, without prejudice, the state law "fraud" or "deceit" claims Bryan asserts arising from the Simenson letter.

**CONCLUSION**

For all of the reasons described herein, the district judge should dismiss Bryan's complaint (Doc. No. 1) for failure to state a federal claim upon which relief can be granted and decline to exercise supplemental jurisdiction over Bryan's state law claim.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See

Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal."  Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

Talesha L. Saint-Marc
United States Magistrate Judge

June 30, 2025

cc:    Naseef Bryan, Jr., pro se